### JAMES C. DREW *v.* JOHN S. TURNER and another.

The owners of a judgment received from their debtor certain drafts, which the receipt given for them stated, were, when paid, to be in full discharge of the judgment; it being understood that the drafts, if not paid, were to be returned to the debtor, and that the former were, in that case, to be allowed to proceed with their judgment. An injunction having been obtained to stay proceedings under the judgment: *Held*, that there was no novation of the debt secured by the judgment ; and that the plaintiffs in the case, who were still the owners of the judgment, having returned the drafts to the clerk's office of the court in which the judgment was rendered, to be delivered to the debtor, were entitled to execution against him.

APPEAL from the District Court of Carroll, *Curry*, J.

*Selby*, for the appellant.

*J. L. Willson*, for the defendants.

MORPHY, J. The petitioner has appealed from a judgment dissolving, with damages, an injunction he had sued out against a *fieri facias*, issued under a judgment obtained against him and Felix Bosworth by Turner & Woodruff, for $3000, independent of interest and costs. He alleges that there is a payment of $2096, credited on said judgment, as made on the 30th of November, 1841, which should be allowed in deduction of the claim now made for $3000, with ten per cent interest on it from

the 1st of March, 1838, and that the balance of the debt has been paid and novated by Felix Bosworth, by means of two drafts, dated the 30th of November, 1841, drawn by said Bosworth, to his order, on Thomas J. Read & Son, of New Orleans, one of them for $1147 40, payable on the 15th of December, 1842, and the other for $1147 13, payable twelve months after its date, which said drafts were endorsed by him, and delivered to Turner & Woodruff, in satisfaction of their judgment.

The only question which this case presents is, whether the balance due on the judgment of Turner & Woodruff, was novated and paid, by their receiving the drafts of Bosworth.

On the trial of this case, the counsel for Turner & Woodruff made the affidavit required by article 140 of the Code of Practice, and called upon the plaintiff to produce a receipt which had been given by his clients when they took the drafts, and in which it was mentioned that, " the drafts, if paid, were to be in full discharge of the judgment." This receipt, he made oath, he had seen in the hands of James C. Drew.

The plaintiff having denied that he had any such receipt in his possession, Felix Bosworth, to whom it was executed, testified as to its contents. He says that he thinks the receipt was in the words stated in the affidavit, and that the understanding was that the drafts, if not paid, were to be returned to him, and that the plaintiffs in the suit were to take action on their judgment; that the drafts were never returned, nor offered to be returned to him by Turner & Woodruff, nor by their counsel.

In a notice served upon James C. Drew, on the 2d of June, 1843, notifying him that all the rights of Turner & Woodruff under their judgment against him, had been seized at the suit of one George E. Pogne, curator, &c., these drafts are mentioned as having been protested for non acceptance; but whether protested or not, the evidence shows that previous to taking out an execution against Drew and Bosworth, the plaintiff's counsel returned the drafts to the clerk's office of the court where the judgment had been rendered, to be there subject to the order of Felix Bosworth, and that he mentioned to the clerk that they belonged to said Bosworth and Drew, and requested him to file them as evidence that they were returned. This, we

consider, was a sufficient delivery and return of the drafts. From the receipt given and the understanding of the parties, it is clear that no novation took place. The drafts were not to discharge the debt, unless their amount was actually received by the plaintiff in that suit. 3 La. 111.

*Judgment affirmed.*